UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORT PRODUCTIONS, INC.,, <br><br> Plaintiff, <br><br> v. <br><br> JAVIER SALAS, et al., <br><br> Defendants. | Case No. 13-cv-05553-BLF <br><br> **ORDER GRANTING UNOPPOSED MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT** <br><br> [Re: ECF 33] |

Before the Court is the "Unopposed Motion for Leave to File a Third Party Complaint Against Continental Satellites Under Rule 14" filed by defendants Javier Salas and Apolonio Castro on September 29, 2014. Def.'s Mot., ECF 33. The time for filing opposition has elapsed, and plaintiff J&J Sport Productions, Inc. has not filed an opposition. The Court finds this matter suitable for submission on the papers and hereby VACATES the February 5, 2015 hearing date pursuant to Civil Local Rule 7-1(b).

Plaintiff brings this action against Defendants for violation of 47 U.S.C. § 605, conversion, and violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*, based on Defendants' airing of a broadcast event—*Manny Pacquiao v. Juan Manuel Marquez, IV Welterweight Fight Program* ("Program")—at their taqueria on December 8, 2012.[1] Compl. ¶ 18, ECF 1. Plaintiff is the owner of "exclusive nationwide commercial distribution (closed-circuit) rights" to the Program and alleges that Defendants aired the Program at their commercial establishment without authorization. *Id.* ¶ 21. Defendants now seek to file a third-party complaint pursuant to Federal Rule of Civil Procedure 14(a).

---

[1] The parties stipulated to dismiss Plaintiff's claim under 47 U.S.C. § 553 on October 10, 2014. ECF 37.

1   Rule 14(a) permits a defending party to implead a third party "who is or may be liable to it
2   for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).  When, as is the case here, the
3   third-party complaint is not asserted within 14 days of the filing of a defendant's original answer,
4   the decision to permit the third-party complaint is within the "sound discretion of the court." *Sw.*
5   *Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  In the exercise of this
6   discretion, courts "balance the desire to avoid a circuitry of actions and to obtain consistent results
7   against any prejudice that the plaintiff might suffer from complications of the case" by considering
8   the following factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3)
9   likelihood of trial delay; and (4) timeliness of the motion to implead. *Irwin v. Mascott*, 94 F.
10  Supp. 2d 1052, 1056 (N.D. Cal. 2000) (quoting *Somportex Ltd. v. Philadelphia Chewing Gum*
11  *Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971)).  The Court considers those factors here, keeping in
12  mind that the purpose of Rule 14 is to promote judicial efficiency, and leave to file a third-party
13  claim is liberally granted in furtherance of that policy. *See J & J Sports Prods., Inc. v. Tolentino*,
14  No. 1:10-CV-02089-LJO, 2011 WL 5547144, at *2 (E.D. Cal. Nov. 14, 2011).

15  Here, Defendants seek to implead as a third-party defendant Continental Satelites
16  ("Continental").  Defendants believe Continental employs one Hugo Arango, who allegedly sold
17  Defendants a DISH Latino satellite subscription for their taqueria and represented to them that
18  they could order the Program and watch it at the taqueria. Def.'s Mot. 2-3; Decl. of Apolonio
19  Castro ¶¶ 2-8, ECF 34; Decl. of Irasema Virrueta ¶¶ 3-4, ECF 36.  Defendants' proposed third-
20  party complaint against Continental accordingly asserts claims of intentional and negligent
21  misrepresentation, false and misleading advertising, and unfair business practices under the UCL.
22  Def.'s Mot. Exh. A.

23  The Court observes that the schedule previously entered in this case sets a June 1, 2014
24  deadline to amend pleadings and add parties. ECF 17.  This action was, however, stayed for thirty
25  days following the appointment of pro bono counsel, ECF 19, and Defendants have been diligent
26  in investigating the whereabouts of Hugo Arango, *see* Def.'s Mot. 3.  Thus, though the present
27  motion was filed close to four months after the deadline to add parties, the Court finds the motion
28  timely under the circumstances.  Moreover, in light of the fact that discovery is still in its early

stages, the of a third-party defendant would not undermine the Court's current schedule, as the parties still have about four and a half months to take discovery, and nearly a year to the beginning of trial.  Furthermore, the addition of Continental as a third-party defendant is unlikely to materially complicate the issues at trial nor, in light of the lack of any opposition from Plaintiff, will it substantially prejudice Plaintiff.  *See Joe Hand Prods., Inc. v. Davis*, No. C 11-6166 CW, 2012 WL 6035538 (N.D. Cal. Dec. 4, 2012) (granting similar motion in similar circumstances).

The Court accordingly GRANTS Defendants' Motion For Leave to File a Third Party Complaint.  Defendants shall file the third-party complaint by **October 20, 2014** and serve Continental within two weeks.  Defendants shall also endeavor to meet and confer with Continental as soon as possible and seek its stipulation to adhere to the schedule set by the Court.

**IT IS SO ORDERED.**

Dated: October 16, 2014

_____
BETH LABSON FREEMAN
United States District Judge