United States District Court
Northern District of California

1

2

3 UNITED STATES DISTRICT COURT

4 NORTHERN DISTRICT OF CALIFORNIA

5 SAN JOSE DIVISION

6

7 J & J SPORT PRODUCTIONS, INC.,,

          Plaintiff,

    Case No.  13-cv-05553-BLF

8

9    v.

    **ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

10 JAVIER SALAS, et al.,

    [RE: ECF 52]

          Defendants.

11

12

13       Before the Court is the Motion for Entry of Default Judgment filed by defendants Javier

14 Salas, Apolonio Castro, and Taqueria El Caminito (collectively, "Defendants"), whereby

15 Defendants seek default judgment against third-party defendant Continental Satelites

16 ("Continental").  Defs.' Mot., ECF 52.  The Court finds this matter suitable for submission on the

17 papers and hereby VACATES the June 4, 2015 hearing date pursuant to Civil Local Rule 7-1(b).

18 **I.      BACKGROUND**

19       Plaintiff J & J Sport Productions, Inc. ("J & J") brought the original claims in this action

20 against Defendants alleging violation of the Federal Communications Act, 47 U.S.C. § 605,[1] and a

21 variety of state law claims, based on Defendants' unauthorized airing of a pay-per-view fight

22 program ("Program") at their taqueria on December 8, 2012 for which J & J is the exclusive

23 domestic distributor.  Compl. ¶ 18, ECF 1.

24       On October 16, 2014, the Court granted Defendants' unopposed motion to implead third-

25 party defendant Continental.  ECF 38.  Defendants filed the third-party complaint on October 17,

26 2014 and served summons on Continental on October 23, 2014.  Certificate of Service, ECF 42.

27

28 _____

[1] J & J also alleged a violation of 47 U.S.C. § 553 that the parties stipulated to dismiss.  ECF 37.

Continental never responded to the third-party complaint.  Defendants sought and obtained a clerk's entry of default on January 15, 2015 and then filed the present motion for entry of default judgment on February 23, 2015.  ECF 46, 52.  Just prior to the filing of the instant motion, J & J and Defendants stipulated on February 19, 2015 to dismiss all of J & J's remaining claims in this action, after the parties fully settled their dispute.  ECF 51.  As such, the only claims remaining in this action are Defendants' third-party claims against Continental.

Defendants allege that Continental claims to be an authorized reseller of satellite and cable services and that Continental's employee, Hugo Arango, sold Defendants a Latino Dish satellite subscription plan in October 2012.  Third-Party Compl. ¶¶ 8-9, ECF 39.  Arango told defendant Castro that he could use the subscription at the taqueria and "assured Mr. Castro that he could use the satellite dish in the restaurant and list Mr. Castro's home address on the account." *Id.* ¶ 9.  On December 8, 2012, the day of the Program, Arango also "assured Mr. Castro that as long as Mr. Castro paid the satellite provider Dish the pay-per-view fee . . . he and his family could watch the Program at the Taqueria." *Id.* ¶ 11.  J & J later sued Defendants for airing the Program at their taqueria, and Defendants settled with J & J for $3,000.  Defs.' Mot. 3; Decl. of Anthony Tartaglio ¶¶ 1, 3, ECF 52-1.  Defendants now seek to recover that amount from Continental based upon Continental's alleged intentional and/or negligent misrepresentations concerning Defendants' ability to use their Dish satellite subscription to watch the Program at their taqueria.  Defs.' Mot. 4-5; Third-Party Compl. ¶¶ 14-32.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), a court may enter default judgment against a defendant who has failed to plead or otherwise defend an action.  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, district courts in this circuit consider the seven factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) ("*Eitel* factors"): (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

2  *Id.* at 1471-72.  In considering these factors after a clerk's entry of default, the court takes all well-

3  pleaded factual allegations in the complaint as true, except those with regard to damages.

4  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  The Court may, in its

5  discretion, consider competent evidence and other papers submitted with a motion for default

6  judgment to determine damages.  *Id.*

7  **III.   DISCUSSION**

8          This Court has federal question jurisdiction over the original complaint because of J & J's

9  claim under the Communications Act.  Compl. ¶¶ 1-2; 28 U.S.C. § 1331.  28 U.S.C. § 1367

10  confers supplemental jurisdiction over Defendants' third-party complaint, which is based on the

11  same case or controversy between J & J and Defendants: Defendants claim that they would not

12  have been liable to J & J for the unauthorized broadcast of the Program but for Continental's

13  alleged misrepresentations.  *See* Third-Party Compl. ¶¶ 5-6; *accord Anthony v. Equifax Info.*

14  *Servs., LLC*, No. 2:13-CV-01424-TLN, 2015 WL 502857, at *4 n.4 (E.D. Cal. Feb. 5, 2015).

15  Although J & J's claims—including the only federal claim in this action—have been dismissed,

16  the Court may continue to exercise supplemental jurisdiction over the third-party complaint.  The

17  Court does so now, as dismissing the third-party claims would not further the objectives of

18  "economy, convenience and fairness to the parties, and comity."  *Trustees of Constr. Indus. &*

19  *Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925

20  (9th Cir. 2003).  The Court has personal jurisdiction over the parties, as Continental is alleged to

21  have its principal place of business in San Jose, California.  Third-Party Compl. ¶ 4.

22          Turning to the *Eitel* factors, denying default judgment would prejudice Defendants because

23  they would be left without a remedy as a result of Continental's refusal to litigate (first factor).

24  Defendants have adequately alleged Continental's intentional or negligent misrepresentations *vis à*

25  *vis* Defendants' ability to air the Program in their taqueria (second factor).  Such allegations, when

26  taken as true, establish Continental's liability for the foreseeably resultant injury—Defendants'

27  liability to another rights holder (J & J) for the unauthorized broadcast of the Program (third

28  factor).  *See* Def.'s Mot. 4-5.  While the sum of money at stake is not trivial, Defendants are

United States District Court
Northern District of California

1   merely seeking to recover the amount that Continental's misrepresentations caused and the

2   reasonableness of this request weighs in favor of entering default judgment (fourth factor).

3   Continental has been served with summons and has failed to respond.  *See* Certificate of Service,

4   ECF 42.  There is therefore no dispute of material fact, nor evidence in the record to suggest that

5   Continental's default is a result of excusable neglect (fifth and sixth factors).  As to the remaining

6   factor, although federal policy favors decisions on the merits, Rule 55(b)(2) permits entry of

7   default judgment in situations such as this where Continental refuses to litigate.  *J & J Sports*

8   *Productions, Inc. v. Deleon*, No. 5:13–CV–02030, 2014 WL 121711, at *2 (N.D. Cal. Jan. 13,

9   2014).  As such, all of the *Eitel* factors weigh in favor of entering default judgment.

10      Finally, Rule 54(c) provides that "[a] default judgment must not differ in kind from, or

11   exceed in amount, what is demanded in the pleadings."  Here, Defendants have alleged in the

12   third-party complaint that they seek judgment against Continental for, *inter alia*, "the amount of

13   damages if they lose the claims asserted by [J & J]."  Third-Party Compl. at 8 (Prayer for Relief).

14   Defendants served the present motion and supporting papers—including a statement of damages

15   sought—on Continental.  *See* Defs.' Mot. Certificate of Service, ECF 52-2.  The amount that

16   Defendants seek in the present motion, $3,000, is precisely the amount of damages incurred when

17   they settled with J & J and is sufficiently established through documentary evidence.  *See*

18   Tartaglio Decl. ¶¶ 1-3.  Continental has therefore had ample notice of the amount of damages at

19   issue in this case, and default judgment may be entered for the full amount that Defendants seek.

20   **IV.    ORDER**

21      Based on the foregoing, Defendants' Motion for Entry of Default Judgment is GRANTED.

22   A separate default judgment shall be entered in Defendants' favor for the amount of $3,000.00.

23   The Clerk of the Court shall close the case file.

24      **IT IS SO ORDERED.**

25   Dated: May 27, 2015

26

27   BETH LABSON FREEMAN
     United States District Judge

28

4